**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(WEST PALM BEACH DIVISION)**

CASE NO. 09-22326-CIV-HURLEY/HOPKINS
(Ancillary Proceeding to U.S.D.C. Case No. 08-81565-CIV-HURLEY/HOPKINS)

JONATHAN E. PERLMAN, Esq., as court
appointed Receiver of Creative Capital
Consortium, LLC, et al.,

      Plaintiff,

v.

LAKAY INVESTMENT, INC., a
Florida Corporation,

      Defendant.
_____/

**MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT**
**AND MEMORANDUM OF LAW**

      Jonathan E. Perlman, Esq., the court appointed Receiver (the "Receiver") of Creative

Capital Consortium, LLC, A Creative Capital Concept$, LLC, United Investment Club, LLC,

Reverse Auto Loan, LLC, Wealth Builders Circle, LLC, The Dream Makers Capital Investment,

LLC, G$ Trade Financial, Inc. and Unity Entertainment Group, Inc., (collectively, the

"Receivership Entities"), pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, moves

for entry of final default judgment against the Defendant Lakay Investment, Inc., ("Defendant").

In support of this Motion, the Receiver states:

**INTRODUCTION**

      1.      On May 5, 2010, the Clerk of Courts for the United States District Court for the

Southern District of Florida entered a default against the Defendant for failure to appear or

otherwise defend.  [DE 14].  As more fully set forth below, the Receiver is entitled to a judgment against the Defendant as a matter of law.

## DISCUSSION

2.      This is an action brought by the court appointed Receiver to collect amounts due the Receivership Estate from the Defendant (the "Complaint").  [DE 1].  This action is ancillary to the main proceeding *Securities and Exchange Commission v. Creative Capital Consortium, LLC, et al.*, Case No. 08-81565-CIV-Hurley/Hopkins, pending in the United States District Court, Southern District of Florida.

3.      In the Complaint, the Receiver seeks to avoid and recover alleged transfers made by the Receivership Entities and/or their alter ego, George Theodule, (collectively "the Receivership Transferors") to the Defendant pursuant to the Florida Uniform Fraudulent Transfer Act ("FUFTA").  The alleged transfers (the "Transfers") were made to the Defendant in connection with its status as a Florida corporation with a principal place of business in Lake Worth, Florida formed by insiders or principals of the Receivership Entities.

4.      The Receiver seeks avoidance and recovery of the alleged Transfers under FUFTA based upon alternating theories of actual fraud and constructive fraud.  With respect to actual fraud, the alleged Transfers were made by the Receivership Entities with the actual intent to hinder, delay, or defraud creditors.  With respect to constructive fraud, the alleged Transfers were made by the Receivership Transferors for less than reasonably equivalent value at a time when the Receivership Transferors were insolvent.

5.      In the alternative, the alleged Transfers are recoverable against the Defendant based upon the equitable theories of unjust enrichment and constructive trust.  Namely, that the Receivership Transferors conferred an unearned benefit upon the Defendant which should now

be disgorged.

6.      The Receivership Transferors caused the alleged Transfers to be made to the Defendant in the amounts and on the dates identified in the Receiver's Affidavit, attached hereto as Exhibit "A."

7.      On May 5, 2010, the Clerk of Courts for the United States District Court for the Southern District of Florida entered a default against the Defendant for failure to appear or otherwise defend.  By its default, the Defendant admits the well-plead allegations of fact and liability in the Complaint.  *See Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999), *citing Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1988).

## DAMAGES

8.      In the instant case, the Receiver's claim for damages is the amount of the fraudulent transfers or $780,000.00. In support of the damages alleged in the Complaint, the Receiver has submitted evidence in the form of an affidavit and, therefore, a hearing is not necessary to support the Receiver's request for damages.  *See* Exhibit "A."  *See also* Fed. R. Civ. P. 55(b)(2), and *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) ("it [is] not necessary for the district court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment").

9.      Accordingly, based on the foregoing, the Receiver requests that the Court enter final judgment in favor of the Receiver and against the Defendant Lakay Investments, Inc. in the amount of $780,000.00.  A proposed Final Judgment is attached hereto as Exhibit "B."

WHEREFORE, based upon the foregoing, the Receiver, Jonathan E. Perlman, respectfully requests that this Court enter a final default judgment against the Defendant Lakay Investments, Inc.

Dated:  June 23, 2010                    Respectfully submitted,
       Miami, Florida


                                         By:    s/ David P. Lemoie
                                             David C. Cimo
                                             Florida Bar No.: 775400
                                             dcimo@gjb-law.com
                                             David P. Lemoie
                                             Florida Bar No.: 188311
                                             dlemoie@gjb-law.com
                                             GENOVESE JOBLOVE & BATTISTA, P.A.
                                             4400 Bank of America Tower
                                             100 Southeast Second Street
                                             Miami, Florida  33131
                                             Tel:  (305) 349-2300
                                             Fax: (305) 349-2310
                                             Attorneys for Receiver
                                             Jonathan E. Perlman, Esq.


## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2010, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


                                          s/ David P. Lemoie
                                             David P. Lemoie

**SERVICE LIST**
**JONATHAN E. PERLMAN, ESQ., as court appointed Receiver of Creative Capital**
**Consortium, LLC, et al. v. LAKAY INVESTMENTS, INC.**
**CASE NO. 09-22326-CIV-HURLEY/HOPKINS**
**United States District Court, Southern District of Florida**


David C. Cimo, Esq.
dcimo@gjb-law.com
David P. Lemoie, Esq.
dlemoie@gjb-law.com
GENOVESE JOBLOVE & BATTISTA, P.A.
Miami Tower, 44th Floor
100 Southeast Second Street
Miami, FL 33131
Telephone:  (305) 349-2300
Facsimile:  (305) 349-2310
*Attorneys for the Receiver Jonathan E. Perlman, Esq.*
***Via CM/ECF***


Daniel Madeus, President
Registered Agent
Lakay Investments, Inc.
2407 10th Avenue North
Suite 206
Lake Worth, Florida 33461
*On behalf of the Defendant Lakay Investment, Inc.*
***Via U.S. Mail***


10061-027/029